IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARNOLD HAMOVITZ, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 07-454 |
| ) | Judge Terrence F. McVerry |
| SANTA BARBARA APPLIED ) | Magistrate Judge Lisa Pupo Lenihan |
| RESEARCH, INC. and MAYTAG ) | |
| AIRCRAFT CORP., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff initiated this lawsuit by the filing of his Complaint on April 4, 2007. By Order of Court dated April 11, 2007, this Court referred the action to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rules for Magistrate Judges, LR 72.1.3 and 72.1.4.

On February 26, 2010, Magistrate Judge Lenihan issued a Report and Recommendation (the "Report") in which it was recommended, following lengthy analysis, that the Motion for Summary Judgment filed by each Defendant be denied, with the exception that summary judgment be granted on Plaintiff's claims that he (a) was denied a "benefit of employment" in the Defendants' "hiring/application process" and (b) was entitled to punitive damages, and that the Motion for Partial Summary Judgment filed by Plaintiff be denied. The Report concluded that judgment on the remaining claims was precluded by questions of material fact as to the liability of Defendants for (a) failure to reinstate Plaintiff to his former position upon his return from active military duty service, as required of a successor-in-interest under the Uniformed Services

Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 et seq. ("USERRA"); and (b) discriminatory refusal to hire Plaintiff upon his return from active military duty service.

Since the filing of the Report, the parties have filed the following: Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Document No. 107), Defendant's, Maytag Aircraft Corporation, Objections to the Report and Recommendation of the Magistrate[1] (sic) (Document No. 108), Defendant's, Maytag Aircraft Corporation, Response to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Document No. 109), Defendant Santa Barbara Applied Research, Inc.'s Response to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation on Cross Motions for Summary Judgment (Document No. 110), Plaintiff's Brief in Opposition to Defendant Maytag's Objections to the Magistrate Judge's Report and Recommendation (Document No. 111), Plaintiff's Supplemental Appendix (Document No. 112), and Plaintiff's Sur Reply to SBAR's Reply to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Document No. 113).

This Court has completed a thorough de novo review of the pleadings and documents in the case, together with the Report, the applicable case law and regulations, and provides the following responses to the Objections:

**Plaintiff's Objections**

First, in asserting entitlement to summary judgment on his successor-in-interest claim, Plaintiff overstates the Report's conclusion to Section E(1). See Report at 26 (observing that the evidence "tends to support Plaintiff's position" and that there are genuine issues of material fact);

---

[1] Section 321 of Pub. L. 101-650 provides that: "After the enactment of this Act [Dec. 1, 1990], each United States magistrate appointed under section 631 of title 28, United States Code, shall be known as United States magistrate judge . . ." See "Change of Name" notes following 28 U.S.C. § 631.

id. at 2-8 (providing factual summation). There remain fact questions relevant to the applicable multi-factor test. For example, and as noted in the Report, Defendants assert they had a PARS contract for meaningfully different services. This could also, in turn, have affected to some degree the scope of the employment positions and the working conditions. The "team" relationship between SBAR and Maytag may also have affected the positions and/or working conditions. In addition, and again as noted in the Report, the cases suggest that the extent to which the facilities and equipment belonged to PARS, and not to either subcontractor, may affect the weight of this factor (or remove it from the multi-factor assessment).

Second, Plaintiff asserts that he was entitled to a partial summary judgment, holding that Maytag was deemed to have received his application through its agent or employee, Fratangeli. There are factual disputes and/or ambiguities regarding when Plaintiff's application was delivered and received, when it was passed up the Defendants' operational/administrative heirarchy/ies, what Fratangeli's relationship was vis-a-vis SBAR/Maytag (*i.e.*, administrative organizational ambiguities), and whether an SBAR application should have been considered an application for a Maytag position.[2] But the principal reason Plaintiff's assertion should be rejected is simply that receipt of his application is not itself a claim on which relief can be granted. See, *e.g.*, Buckley v. Hoffnagle, 2008 WL 4459047 (M.D. Fla. October 3, 2008) (denying plaintiff's request for partial summary judgment on "non issue" of employment relationship, which was an element, but not a claim); id. (finding judgment as a matter of law "inappropriate" on a matter that was not a cause of action).

---

[2] Plaintiff provides citations to deposition testimony; but isolated individual testimony does not, of course, render a matter "undisputed". See extensive discussions of the evidence in the Report.

Third and last, Plaintiff maintains that the Report, while denying any "benefit of employment claim" under § 4311,[3] "does not fully address plaintiff's other claims" under § 4311. Plaintiff proceeds to assert that he has two separate claims: (i) intentional discrimination in employment motivated by his repeated active-duty service and (ii) a claim "in the nature of that recognized in" Beattie v. Trump Shuttle, Inc., 758 F.Supp. 30 (D.D.C. 1991) and McClain v. City of Somerville, 424 F.Supp.2d 329 (D.C. Mass 2006). Plaintiff errs.

The Report expressly recommends denial of summary judgment on Plaintiff's discrimination in hiring claim under § 4311,[4] and it properly sets forth the procedural framework and evidentiary burdens thereto. The cases cited in Plaintiff's Objections ground neither an additional claim nor application of a different procedural framework. To the contrary, these cases simply stand for the proposition that if a servicemember brings a § 4311 claim, and a defendant responds that it cannot be held liable under the Act when it did not hire the servicemember because s/he was unavailable for the defendant's start-date, the defendant is not absolved from liability. A refusal to hire an active duty serviceperson because s/he will still be on active duty when the position is to start is an impermissible reason under the legislation, *i.e.*, it is not a defense. Plaintiff's interpretation to the contrary notwithstanding, these cases do not stand for the proposition that some § 4311 claims do not require any showing of improper motive. These cases never reach the burden-shifting procedures of § 4311. When a Defendant's stated reason for not hiring the plaintiff servicemember is his unavailability, and *that* is the

---

[3] Plaintiff does not raise an Objection to the recommendation that summary judgment be granted on that claim. See Report at 8 n. 14 (concurring with Defendant's analysis and noting that the law in this area is quite clear).

[4] See, *e.g.*, Report at 1 (concluding that judgment was precluded on Defendants' liability for "discriminatory refusal to hire Plaintiff").

question before the Court, the given reason is itself proscribed by the statute, and the Court need not look any further. See, *e.g.*, McClain , 424 F.Supp.2d at 333 ("The sole question is whether USERRA prevents discrimination in initial hiring on the basis of unavailability due to active service."); id. n. 3 (noting that the procedural scheme of § 4311 was "insignificant" because the parties agreed the sole reason was unavailability). In the case *sub judice*, unavailability for Defendants' start-date was not a given reason for Plaintiff's non-hire. To the contrary, Plaintiff was available for work by the time Defendants assumed the contract on February 1st. The relevant analysis on the question of Defendants' liability for §4311 discrimination is that set forth in the Report. See Report at 27-29.

### Defendant Maytag's Objections

This Court is troubled by the tenor and tone of Defendant's Objections to the Report.

The Court also finds it regrettable that Defendant, although understandably disappointed that the Report reaches a conclusion on a question of first impression in this District and Circuit which differs from its own, would go so far as to impugn the integrity of the Court and elect to express its disagreement in language of aspersion and escalating disrespect for the Court and its Magistrate Judges. See, *e.g.*, Defendant's Objections at 2 (describing, on the basis of a summary affirmance of a case distinguished in the Report, Magistrate Judge's legal analysis as "discredited"); id. at 6-8 (characterizing Magistrate Judge's factual summation as "insinuation[s]" and "innuendo"); id. at 12 (describing Magistrate Judge's legal analysis as "unreliable"); and id. at 14 (ultimately accusing the Magistrate Judge of "misconstru[ing], misstat[ing] and/or ignor[ing] existing legal precedent *in an effort to achieve the result clearly desired by the Magistrate*") (emphasis added). The last of these excerpts from Defendant's Objections, in

particular, is patently outside the bounds of professional conduct and decorum, and inappropriate to an officer of the Court.[5]

As to the merits of Defendant's objections, Defendant continues to argue that a merger or transfer of assets is a precondition to establish "successor in interest."  The Court notes that this argument is identical to the argument previously made by Defendant and said argument was given due consideration by the Magistrate Judge and rejected.   These objections, therefore, do not warrant further analytical discussion, but given the extent and tone of the objections, the Court will address same.   As an initial matter, the Court notes, as did counsel for Plaintiff in his Brief in Opposition to Defendant Maytag's Objections, that the opinions in Reynolds v. Rehab Care Group East, Inc., 531 F. Supp.2d 1050 (S.D. IA 2008), and Reynolds v. Rehab Care Group East, Inc. 590, F. Supp.2d 1107 (S.D. IA 208), aff'd, 591 F.3d 1030 (8th Cir. 2010), do not support Defendant Maytag's position.  In fact, the two Reynolds district court opinions, as well as the recent appellate court decision affirming the district court's decision to grant summary judgment , each support a position completely contrary to that put forth by Defendant.  In its summary judgment opinion, the district court in Reynolds explicitly adopted its earlier conclusion that no "merger or acquisition" was required to establish "successor in interest" under USERRA, *to wit:*

---

[5] See Pennsylvania Rules of Court, Rules of Professional Conduct, Rule 8.2 ("A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard . . . concerning the . . . integrity of a judge  . . . ."). Cf. Pennsylvania Rules of Court, Code of Civility, Art. II (2) (requiring lawyers to communicate "in a civil and respectful manner"); Art II (3)-(18) (admonishing lawyers against "diminishing the dignity or decorum" of the courtroom, "disparaging" remarks, "unfounded accusations of impropriety" and "attribut[ions of] improper motive or conduct"; and directing that they "strive to protect the dignity and independence of the judiciary").

> In its Order on Plaintiff's Motion for Preliminary Injunction, this Court discussed extensively the only two reported cases that have considered questions of successor in interest liability under USERRA – Coffman v. Chugach Support Services, Inc., 411 F.3d 1231, 1232 (11th Cir. 2005), and Murphree v. Communications Technologies, Inc., 460 F. Supp.2d 702, 704 (E.D. La. 2006). See Reynolds, 531 F. Supp.2d at 1058-60. The Court specifically declined to employ Coffman's "ownership and control" test, favoring instead the "business continuity test" employed by Leib, adopted in Murphree, and requested by Plaintiff. Id. At 1060. Accordingly, bearing in mind the different standard of review applicable to the present Motion for Summary Judgment, **the Court turns now, as it previously did with respect to Plaintiff's Motion for Preliminary Injunction, to an evaluation of each of the six Department of Regulation factors to determine whether RehabCare is a successor in interest to Progressive.**

Reynolds, 590 F. Supp.2d at 1113 (emphasis added.)

Defendant makes no contention that the applicable regulations are *ultra vires*. As discussed at length in the Report, the regulations promulgated by the United States Department of Labor include on their face a requirement that the Leib factors be applied in every case; that is their plain meaning, and a meaning which - again as discussed in the Report - has been followed by both district courts which have addressed the issue since the regulations went into effect in January, 2006.[6] See Reynolds and Murphree. It was incumbent on Defendant to present a

---

[6] See Report at 11 (quoting the Regulation's direction that: "The determination whether an employer is a successor in interest must be made on a case-by-case basis using a multi-factor test that considers the following: (a) whether there has been a substantial continuity of business operations from the former to the current employer; (b) whether the current employer uses the same or similar facilities, machinery, equipment, and methods of production; (c) whether there has been a substantial continuity of employees; (d) whether there is a similarity of jobs and working conditions; (e) whether there is a similarity of supervisors or managers; and (f) whether there is a similarity of products or services); 70 FR 75292, Dec. 19, 2005; 71 FR 15338, March 28, 2006; 20 C.F.R. § 1002.35. Cf. Report at 20-22 (discussing Reynolds and Murphree, the two post-regulation cases).

persuasive analysis supporting its contention that the regulations set one consideration - that of business privity - apart as a prerequisite or threshold factor.  Defendant failed to do so.

The regulations' definition of a successor-in-interest under the USERRA (which term was not defined within the statute) is entitled to Chevron deference.  See Chevron, USA, Inc. v. NRDC, Inc., 467 U.S. 837, 845 (1984) (requiring deference to agency's construction of statute so long as it is "a reasonable policy choice for the agency to make"); see also National Cable Telecomm. Ass'n v. Brand X Internet Servs., 545 U.S. 967, 983 (2005) (agency remains authoritative interpreter (within the limits of reason) of statute).[7]

As to the case law, which constitutes tertiary authority, Defendant's headlined assertion that three Circuit Court opinions compel a finding in its favor is wholly unfounded.  The Third Circuit's opinion more than sixty (60) years ago in Kicinski v. Constable Hook Shipyard, Inc., 168 F.2d 404 (3d Cir. 1948), decided under a statute which imposed liability solely upon the employer in whose employ the veteran was at the time he entered the service, is distinguishable and does not mandate summary judgment for Defendant for reasons explained clearly and at

---

[7] And the Agency's interpretation of the USERRA's extension to successors in interest, on behalf of Major Murphree in approximately 2003-2004, prior to enactment of the regulations, is properly noted by this Court as well.  See, *e.g.*, Madison v. Resources for Human Development, Inc. 233 F.3d 175, 186 (3d Cir. 2000) (noting that informal agency interpretations are entitled to respect to the extent they are persuasive) (citing Christensen v. Harris County, 529 U.S. 576, 596 (2000)); Skidmore v. Swift, 323 U.S. 134, 140 (1944) (holding that "rulings, interpretations and opinions of" an agency, while not controlling by reason of their authority, constitute a body of experience and informed judgment to which courts look for guidance).

See generally Report at 20 (discussing Murphree case history); id. at 26 (noting Agency determination, in largely factually analogous circumstances, that military service contractor without privity to prior contractor was successor-in-interest for purposes of the USERRA).

length in the Report.  See Report at 15-17.  The Eleventh's Circuit opinion in Coffman v.

Chugach Support Services, Inc., 411 F.3d 1231 (11th Cir. 2005), which concluded that a re-

employment obligation required a threshold showing of privity in the form of a merger or

transfer of assets, occurred - as noted in the Report - prior to the Department of Labor's

interpretive definition of successor-in-interest under its regulations to the USERRA.  The

underlying opinions of the District Court in Reynolds apply the multi-factor test codified in the

regulations and are wholly consistent with the analysis of the Report.  See Report at 21-22.[8]

---

[8] In his initial Opinion, Judge Pratt (a) denied the plaintiff's motion for a preliminary injunction; (b) observed that when Coffman was decided the Circuit Court did not have the regulations "available for reference" and it was "unclear whether the Eleventh Circuit would reconsider its requirement that there be a merger or transfer of assets prior to consideration of the Leib factors, given the Department of Labor regulations"; c) concluded, in accord with Murphree, "that no such requirement is warranted under either Leib or the Department of Labor regulation"; (d) "evaluate[d] each of the . . . Department of Regulation factors to determine whether [defendant was] a successor in interest"; and (e) concluded that the factors weighed against such a finding, for reasons distinguishable from the case *sub judice* and discussed in the Report.  See Reynolds v. Rehabcare Group East, Inc, 531 F.Supp.2d 1050, 1059-1064 (S.D. Iowa 2008).

In his second Opinion, approximately eleven (11) months later, Judge Pratt granted the defendant's post-discovery motion for summary judgment.  See Reynolds v. Rehabcare Group East, Inc., 531 F.Supp.2d 1107 (S.D. Iowa 2008). And in doing so, Judge Pratt reiterated (essentially verbatim) his introductory discussion of Leib and the regulations, see 531 F.Supp.2d at 1112-1113; cited repeatedly to his initial Opinion; and again addressed each of the factors set forth in Leib and the regulations.  See id. at 1113 ("[T]he Court turns now, as it did previously . . . to an evaluation of each of the six Department of Labor's factors to determine whether RehabCare is a successor in interest . . . .").  Here again, Judge Pratt did *not* treat his conclusion as to the first factor - that there was no "continuity of business operations" - as determinative.  To the contrary, he applied the test set forth in the regulations.  See id. at 1114-1122 (observing, in applying factors, that defendant employed no employee of the prior contractor, "not a single" prior manager or supervisor, and did not otherwise establish any continuity by "its own affirmative action or decision").  Compare Report at 27 (concluding that, in case *sub judice*, there is "a genuine issue of material fact as to Defendants' obligations, by virtue of their own decisions and actions, as

Defendant's Objections do not, of course, highlight the fourth relevant Circuit opinion, that of the Eighth Circuit in Leib v. Georgia-Pacific Corp., 925 F.2d 240 (8th Cir. 1991), which sets forth the multi-factor test later codified by the Department of Labor's USERRA regulations, and which the Report, in conformance with those regulations, applied.  See Leib, 925 F.2d at 245-47 (adopting multi-factor test for successor liability which looked to "totality of the circumstances", including business continuity; use of the same plant; continuity of work force; similarity of jobs and working conditions; similarity of supervisory personnel; similarity in machinery, equipment and production methods; similarity of products or services; notice of claim; and change of circumstances making it impossible or unreasonable for defendant to re-employ the veteran).[9]

---

successors-in-interest").

Judge Pratt's Opinion was succinctly affirmed by the Court of Appeals "for the reasons stated in the district court's thorough analysis." Reynolds, 591 F. 3d 1030, 1032 (8th Cir. 2010).  This affirmance cites Coffman, as did Judge Pratt's underlying Opinion.  Compare, e.g., Reynolds, 531 F.Supp.2d at 1121 (citing Coffman, 411 F.3d at 1238, in support of the Court's "obligation to liberally construe the provisions of the USERRA in favor of Plaintiff") with Reynolds, 591 F.3d at 1032 (citing Coffman, 411 F.3d at 1237-38, without parenthetical). Defendant's attempt to dragoon this citation to its support notwithstanding, a Circuit Court's mere citation of earlier case law cannot reasonably be read to intend what would amount to a rejection of the District Court analysis the Opinion is expressly adopting.  Compare Defendant's Objections at 2-4.

[9]  Cf. NLRB v. Burns Internat'l Sec. Servs., Inc., 406 U.S. 272, 277-81 (1972) (holding that a prevailing competitive bidder which hired a substantial complement of the prior employer's workers was a "successor employer" for purposes of duty to bargain); Systems Management, Inc. v. NLRB, 901 F.2d 297 (3d Cir. 1990) (holding that definition of "successor employer" appropriately depended, in that context, on a finding that the "majority of the employees of the former enterprise were hired by the new employer"); Report at 14-15 (discussing successorship absent privity and contextual nature of determination).

Many pages of Defendant's Objections are also devoted to a reiteration of factual assertions contained in prior pleadings. It is directed to Section II(B) of the Report.[10]

Finally, the Court finds no merit to Defendant's Objections regarding denial of summary judgment as to Plaintiff's claims for discrimination in hiring and liquidated damages for reasons fully set forth in the Report.

### SBAR's Response to Plaintiff's Objections

To the extent that SBAR has raised objections to Plaintiff's objections, same have been given due consideration and the Court finds that SBAR's objections are without merit and do not do not warrant further analytical discussion.

To the extent that SBAR has raised objections to the Report, the objections were untimely filed and, therefore, not considered by the Court. See Report at 31 ("the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections.")

An appropriate Order follows.

McVerry, J.

---

[10] See id. at 9 ("In considering a motion for summary judgment, the Court examines the facts in the light most favorable to the non-movant, and the party moving for summary judgment must show that the evidence of record is insufficient to carry the non-movant's burden of proof, *i.e.*, that there are no genuine issues of fact to be tried.**")** (citations omitted).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARNOLD HAMOVITZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-454 |
| | ) | Judge Terrence F. McVerry |
| SANTA BARBARA APPLIED | ) | Magistrate Judge Lisa Pupo Lenihan |
| RESEARCH, INC. and MAYTAG | ) | |
| AIRCRAFT CORP., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**AND NOW**, this 31ST day of March, 2010,

IT IS HEREBY ORDERED that the Motions for Summary Judgment filed by Defendants are **DENIED**, with the exception that summary judgment is **GRANTED** on Plaintiff's claims that he (a) was denied a "benefit of employment" in the Defendants' hiring / application process" and (b) was entitled to punitive damages.

IT IS FURTHER ORDERED that the Motion for Partial Summary Judgment filed by Plaintiff is **DENIED**.

The Report and Recommendation of Magistrate Judge Lenihan dated February 26, 2010, is adopted as the Opinion of the Court.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Timothy P. O'Brien, Esquire
Email: tob@icubed.com

Helene G. Bradley, Esquire
McBreen & Kopko
Email: hbrad5@aol.com

Thomas J. Bradley, Esquire
McBreen & Kopko
Email: tjbradley@mcbreenkopko.com

Gary T. Vanasdale, Esquire
Gilliland Vanasdale Papp Law Office
Email: gtv@gvplawoffice.com

A. Patricia Diulus-Myers, Esquire
Jackson Lewis LLP
Email: diulusmp@jacksonlewis.com

Sunshine R. Fellows, Esquire
Jackson Lewis LLP
Email: fellows@jacksonlewis.com