**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ARNOLD HAMOVITZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2: 07-cv-0454 |
| v. ) | |
| ) | |
| SANTA BARBARA APPLIED RESEARCH, ) | |
| INC., and MAYTAG AIRCRAFT CORP., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

December 2, 2010

Presently before the Court is the MOTION FOR LEAVE TO FILE RENEWED MOTION FOR SUMMARY JUDGMENT ON THE SUCCESSOR IN INTEREST ISSUE AND/OR TO CONDUCT LIMITED DISCOVERY TO DETERMINE IF DEFENDANTS' PURPORTED 'UNCONDITIONAL OFFER OF EMPLOYMENT' IS A GOOD FAITH OFFER OR A LAST MINUTE LITIGATION TACTIC filed by Plaintiff (Document No. 139), the RESPONSES IN OPPOSITION filed by Defendants Maytag Aircraft Corporation (Document No. 140) and Santa Barbara Applied Research, Inc. (Document No. 142), the REPLY filed by Plaintiff (Document No. 143), and the SUR-REPLY filed by Defendant Maytag Aircraft Corporation (Document No. 144). For the reasons that follow, the Motion will be denied.

In September 2009, Plaintiff filed a partial motion for summary judgment on the sisue of whether Defendants Santa Barbara Applied Research, Inc. ("SBAR") and Maytag Aircraft Corporation ("Maytag") were "successors in interest" as that term has been defined and/or interpreted under USERRA. Defendants also filed cross motions for summary judgment on that same issue.

1

On February 26, 2010, Magistrate Judge Lisa P. Lenihan issued a Report and Recommendation in which she recommended that summary judgment should be denied to all parties. Specifically, the Magistrate Judge concluded that questions of material fact existed with regard to factors relevant to the Defendants' liability as successors-in-interest under USERRA. *See* R&R at 26. By Memorandum Opinion and Order of March 31, 2010, the Court adopted the Report and Recommendation as the opinion of the Court.

A Trial Scheduling Order was entered on July 15, 2010, which scheduled this case for jury trial on January 3, 2011.

In mid-November 2010, Maytag, through correspondence from David Nelson, Vice President / COO of Maytag, made an unconditional offer of reinstatement to Plaintiff to his prior position as the Chief of Airfield Management (CAM), along with back pay. According to Plaintiff, by virtue of this unconditional offer of reinstatement, "Maytag acknowledged its 'successor in interest' status under USERRA based on the recent amendments to that statute and/or acknowledged at a minimum that it may be a 'successor in interest' under such statute." Mot. at ¶ 3. Not surprisingly, Maytag denies any such acknowledgement and responds that the unconditional offer of reinstatement "does nothing more than indicate that, based upon advice of counsel, it has made a decision to offer unconditional reinstatement to Mr. Hamovitz." Response at 3.

In a rather unusual request, Plaintiff now moves the Court to allow him leave to file a renewed motion for summary judgment on the successor in interest issue and/or to conduct limited discovery to determine if Defendant's unconditional offer of employment is "made in good faith and/or is a last minute litigation tactic to avoid trial, and/or other potential liability arising from its conduct." Mot. at ¶ 4.

2

First, the Court notes that Plaintiff's request for "judgment as a matter of law pursuant to Fed. R. Civ. P. 50 on the 'successor in interest' issue" is premature. Rule 50 permits a party to file a motion "if a party has been fully heard on an issue during a jury trial." Fed. R. Civ. 50(a)(1). As trial of this matter has not begun, Plaintiff's request for entry of judgment pursuant to Rule 50 is clearly premature.

Next, Plaintiff's request to reopen the record and file a renewed motion for summary judgment on the successor in interest issue is without merit. This case is well beyond a stage where any kind of motion for summary judgment would be appropriate. Furthermore, Plaintiff's argument that Maytag acknowledged its "successor in interest" status by virtue of the reinstatement offer letter is equally unavailing. Maytag's letter simply indicates that it has been advised that its previous position with regard to its status as a successor in interest <u>may</u> have been affected by the recent USERRA amendments. The letter does nothing more than indicate that, based upon advice of counsel, Maytag has made a decision to unconditionally offer reinstatement to Plaintiff with backpay.

Further, David Nelson, the author of the letter, is not a lawyer and cannot offer legal opinions. Accordingly, Mr. Nelson cannot "admit" that Maytag is a successor in interest under USERRA as such an admission would call for an admission of law or legal conclusion. Moreover, any conclusions or decisions that may have been reached by Mr. Nelson appear to have been based upon privileged advice from counsel. Thus, any discovery sought in this regard would be either improper and/or protected by privilege or attorney work product.

The Court also finds that Plaintiff's argument that he should be allowed to re-open discovery based on Maytag's "advice of counsel" defense is without merit. In this case, Maytag has asserted an advice of counsel defense to the imposition of liquidated or punitive damages

3

with regard to its 2006 decision that it was not required to "reemploy" Plaintiff. Counsel for Plaintiff has conducted discovery on this issue and, in fact, deposed Doug Harris who testified that Maytag's counsel advised David Nelson that Maytag would not be deemed a successor in interest for USERRA purposes because of the *Coffman* case. Any legal advice received by Maytag in 2010 with regard to its decision to now offer Plaintiff an unconditional offer of reinstatement is simply not relevant to the advice of counsel defense Maytag may wish to assert with regard to its 2006 decision to refuse to "reemploy" Plaintiff. The Court finds that Plaintiff has failed to provide any basis upon which the Court should grant his motion to re-open discovery on the eve of trial.

Finally, while Plaintiff's request to conduct limited discovery to determine if Defendant's unconditional offer of reinstatement is a "good faith offer" or a "last minute litigation tactic" is novel at best, the Court finds that such request is not appropriate. In very clear language, the written unconditional offer of reinstatement states, in relevant part, as follows:

> [W]e have decided to offer you unconditional reinstatement to the CAM position you held under the predecessor contract with V.T. Griffin, as well as loss compensation of $135,000 estimated to represent any loss of wages and benefits sustained by you during the period of time when you notified Maytag / SBAR that you wished to be reemployed in February 2006 through November 22, 2010, or whatever date you actually begin employment with Maytag. . . . This offer of reinstatement remains in effect indefinitely unless and until you have either rejected our offer of reinstatement or we provide correspondence stating the offer has expired.

To the extent that Plaintiff has questions about the particulars of his position and responsibilities upon reinstatement, that information can be obtained from Maytag without the need for formal discovery. All counsel in this litigation are well aware of the implications and consequences should Plaintiff reject an unconditional offer of reinstatement: a rejection of an unconditional offer cuts off back pay and may cut off front pay if such a rejection is found to be unreasonable.

4

*See Ford Motor Co. v. EEOC*, 458 U.S. 219, 228-29 (1982); *see also Bruno v. W.B. Saunders Co.*, 882 F2d 760, 777 (3d Cir. 1989) (dissent) ("a plaintiff's duty to minimize her damages includes the requirement that she accept a substantially equivalent job offered by the defendant, failing which the accrual of back pay liability will be tolled.")

For all these reasons, the Motion will be denied. An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARNOLD HAMOVITZ, | )<br>) |
|     Plaintiff, | )<br>)   2: 07-cv-0454 |
| v. | )<br>) |
| SANTA BARBARA APPLIED RESEARCH,<br>INC., and MAYTAG AIRCRAFT CORP., | )<br>)<br>) |
|     Defendants. | ) |

## ORDER OF COURT

**AND NOW,** this 2nd day of December, 2010, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED that the Motion for Leave to File Renewed Motion for Summary Judgment on the Successor In Interest Issue and/or to Conduct Limited Discovery to Determine if Defendants' Purported "Unconditional Offer of Employment" Is A Good Faith Offer Or a Last Minute Litigation Tactic filed by Plaintiff is **DENIED.**

                                                BY THE COURT:

                                                <u>s/Terrence F. McVerry</u>
                                                United States District Court Judge

cc:     Timothy P. O'Brien, Esquire
          Email: tob@obrien-law.net

          Helene G. Bradley, Esquire
          McBreen & Kopko
          Email: hbrad5@aol.com

          Thomas J. Bradley, Esquire
          McBreen & Kopko
          Email: tjbradley@mcbreenkopko.com

Gary T. Vanasdale, Esquire
Gilliland Vanasdale Papp Law Office
Email: gtv@gvplawoffice.com

A. Patricia Diulus-Myers, Esquire
Jackson Lewis LLP
Email: diulusmp@jacksonlewis.com